IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON EVANS-JACKSON,

                     Plaintiff,                         OPINION & ORDER

   v.

                                                14-cv-751-wmc

GOODMAN COMMUNITY CENTER and
BECKY STEINHOFF,

                     Defendants.

---

*Pro se* plaintiff Aaron Evans-Jackson brings this suit against his former employer, the Goodman Community Center, and its director, Becky Steinhoff, alleging that they discriminated against him on the basis of his sex, race and color when they terminated him from his employment there. (Compl. (dkt. #1) 2.) Summons were issued on November 3, 2014, and Evans-Jackson was instructed to serve the defendants by March 3, 2015.

Evans-Jackson apparently attempted to perfect service by sending the summons to the Goodman Community Center's business address via certified mail. (*See* dkt. #5.) That mailing did not comply with Federal Rule of Civil Procedure 4(h)(1), which requires service on a corporation be made either as state law prescribes[1] or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Nor does mail service constitute proper service on an individual defendant like Steinhoff. *See* Fed. R. Civ. P. 4(e);

---

[1] Wis. Stat. § 801.11(5) governs service of domestic or foreign corporations and requires service "[b]y personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Wis. Stat. § 801.11(5)(a). The statute does allow for service by publication and mailing, but only if "with reasonable diligence the defendant cannot be served under par. (a)."

Wis. Stat. § 801.11(1). Evans-Jackson then appears to have attempted service again by leaving a copy of the summons with the secretary at the Goodman Community Center, but he is not permitted to serve the summons and complaint himself as a party to this lawsuit. *See* Fed. R. Civ. P. 4(c)(2).

Because Evans-Jackson has also failed to provide either defendant with forms to waive service of process (*see* dkt. #5, at 3), he has thus far failed to serve defendants properly. Moreover, his 120-day deadline to accomplish service has now expired.

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[T]he decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Here, plaintiff is *pro se* and has at least attempted, albeit unsuccessfully, to serve defendants, suggesting his failure to perfect service thus far is due to an innocent error. Moreover, evidence in the record suggests that defendants have not only received actual notice of this lawsuit, which is the primary purpose of Rule 4's service requirement. *Henderson v. United States*, 517 U.S. 564, 672 (1996)). Defendants have also expressed a willingness to waive service if provided with the appropriate forms.[2] (Dkt. #5, at 3.) Accordingly, rather than dismissing this case, the court will order Evans-Jackson to accomplish service, no later than May 4, 2015, by either: (1) perfecting service and filing proof of service with the court

---

[2] Request for waiver forms and the forms themselves can be found on the court's website at http://www.wiwd.uscourts.gov/forms (AO 398 and AO 399).

pursuant to Fed. R. Civ. P. 4(l); or (2) obtaining a written waiver of service. If he does not, this case will be dismissed without further notice to plaintiff.

ORDER

IT IS ORDERED that plaintiff Aaron Evans-Jackson is directed to file proof of service or written waiver of service no later than May 4, 2015. Failure to do so will result in dismissal of this case without further notice pursuant to Fed. R. Civ. P. 41(b).

Entered this 2nd day of April, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge